IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
OCT 27 2015
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:15cv0384 (LMB/JFA) |
| | ) |
| RICHARD BUKA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 19). In this action, plaintiff Malibu Media, LLC ("plaintiff" or "Malibu Media") seeks a default judgment against the defendant, Richard Buka ("Buka" or "defendant"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On March 19, 2015, plaintiff filed a complaint against a John Doe defendant associated with a certain known Internet Protocol ("IP") address. (Docket no. 1). On March 23, 2015, this court granted plaintiff's request to serve a third-party subpoena prior to a Federal Rule of Civil Procedure 26(f) conference on John Doe's Internet service provider ("ISP"). (Docket no. 6). On July 20, 2015, this court granted plaintiff's motion for extension of time to effectuate service on John Doe defendant, which permitted plaintiff until September 16, 2015 to effectuate service of a summons and complaint upon John Doe defendant. (Docket no. 12).

In response to a third-party subpoena, the John Doe's ISP disclosed that Richard Buka was the person associated with the IP address identified in the complaint. On July 22, 2015, plaintiff filed its amended complaint substituting Buka as the defendant. (Docket no. 13) ("Am. Compl."). In its amended complaint, plaintiff alleges that Buka willfully downloaded, copied, and distributed without authorization all or portions of ten copyrighted films using BitTorrent, a peer-to-peer file sharing protocol, in violation of 17 U.S.C. §§ 106(1), 106(3)–(5), and 501 (Am. Compl. ¶¶ 1, 2, 18–23, 29–31). The amended complaint seeks statutory damages, injunctive relief, attorney's fees, and costs.

On July 24, 2015, an amended summons was issued for service on defendant, directing that the amended summons and amended complaint be served on defendant. (Docket no. 14). On August 17, 2015, an affidavit of service was filed by the plaintiff confirming that the defendant was personally served with the amended summons and the amended complaint on August 6, 2015. (Docket no. 15 at 2). In accordance with Fed. R. Civ. P. 12(a), defendant's responsive pleading was due August 27, 2015; 21 days after defendant was served with a copy of the amended summons and amended complaint. Defendant has not filed a responsive pleading and the time for doing so has expired.

On September 2, 2015, the District Judge entered an order instructing plaintiff to obtain immediately an entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a), and subsequently file a motion for default judgment, an accompanying memorandum, and a notice setting a hearing on the motion for October 2, 2015. (Docket no. 16). On September 2, 2015, plaintiff filed its request for entry of default as to the defendant. (Docket no. 17). On September 9, 2015, the Clerk of Court entered the default of the defendant pursuant to Fed. R. Civ. P. 55(a). (Docket no. 18). On September 25, 2015, plaintiff filed a motion for default

judgment (Docket no. 19), a supporting memorandum (Docket no. 19-1), exhibits (Docket nos. 19-2, 19-3, 19-4), a declaration of William E. Tabot (Docket no. 19-5), and a notice of hearing date for October 2, 2015 at 10:00 a.m. (Docket no. 20). On September 28, 2015, this court vacated plaintiff's notice of hearing and ordered the plaintiff to file a notice of hearing that complies with Local Civil Rule 7(K), which provides the *pro se* defendant with at least 21 days to file a response to plaintiff's motion for default judgment. (Docket no. 21). On September 28, 2015, plaintiff filed a notice of hearing date for October 23, 2015 at 10:00 a.m. (Docket no. 22). On October 23, 2015, plaintiff's counsel appeared before the undersigned pursuant to the notice of hearing and no one appeared on behalf of the defendant.

## Factual Background

The following facts are established by the amended complaint (Docket no. 13) ("Am. Compl."). Plaintiff Malibu Media, LLC (d/b/a "X-Art.com") is a limited liability company organized under the laws of California, with a principal place of business in Los Angeles, California. (Am. Compl. ¶ 8). Defendant Richard Buka is an individual residing in Woodbridge, Virginia. (Am. Compl. ¶ 9). Plaintiff is the owner of the ten copyrighted films at issue in this action, which are detailed at Exhibit B of plaintiff's amended complaint (Docket no. 13-2) and attached to this Proposed Findings of Fact and Recommendations as Exhibit A. (Am. Compl. ¶¶ 3, 28).

The BitTorrent file distribution network ("BitTorrent") is a peer-to-peer file sharing system used for distributing large amounts of data, including digital movie files. (Am. Compl. ¶ 10). BitTorrent allows individual users to distribute large files, broken into small pieces called "bits", with other users without the use of an intermediary host website. (Am. Compl. ¶ 11–12).

After a user receives all of the bits of a digital media file from other users, the user's BitTorrent client software reassembles the bits in order to open and utilize the file. (Am. Compl. ¶ 13).

Between June 22, 2013 and December 28, 2014, plaintiff's investigator, IPP International UG ("plaintiff's investigator"), established direct TCP/IP connections with defendant's IP address and downloaded one or more bits of each of the ten copyrighted films at issue in this action through BitTorrent. (Am. Compl. ¶¶ 17–18, 21–22). Plaintiff's investigator further downloaded a full copy of each copyrighted film at issue from BitTorrent. (Am. Compl. ¶ 21). Through this process, plaintiff's investigator established that the defendant downloaded, copied, and distributed a complete copy of each copyrighted film at issue without authorization from plaintiff on BitTorrent. (Am. Compl. ¶¶ 19–22). Plaintiff's evidence of multiple downloads from defendant to plaintiff's investigator over an eighteen-month period indicate defendant is a persistent BitTorrent user. (Am. Compl. ¶¶ 22–24).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Based on the defendant's failure to file a responsive pleading in a timely manner, the Clerk of Court has entered a default as to Richard Buka. (Docket no. 18). A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil

Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

### Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff brings this cause of action under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* This court has subject matter jurisdiction over the claim under 28 U.S.C. §§ 1331, 1338. This court also has personal jurisdiction over the defendant because the defendant resides within this District. (Am. Compl. ¶ 9). Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District. (Am. Compl. ¶ 7).

Given that the defendant is in default, and therefore admits the factual allegations in the amended complaint, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over the defendant, and that venue is proper in this court.

### Service

Federal Rule of Civil Procedure 4(e)(2) provides that an individual may be served in a judicial district of the United States by "delivering a copy of the summons and of the complaint to the individual personally." Plaintiff's process server personally delivered a copy of the amended summons and amended complaint with the defendant on August 6, 2015. (Docket no. 15 at 2). Pursuant to this court's order, plaintiff was required to serve defendant by September 16, 2015. (Docket no. 12). Based on the foregoing, the undersigned recommends a finding that service of process has been accomplished in this action.

## Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a), defendant was required to file a responsive pleading by August 27, 2015; 21 days after defendant was served with a copy of the amended summons and amended complaint. No responsive pleading has been filed by the defendant and the time for doing so has since expired. On September 2, 2015, plaintiff filed a request for entry of default against defendant. (Docket no. 17). The certificate of service accompanying the filing indicates that plaintiff's counsel sent a copy to the defendant at his mailing address. Thereafter, the Clerk of Court entered a default against defendant on September 9, 2015. (Docket no. 18).

On September 25, 2015, plaintiff filed a motion for default judgment (Docket no. 19), a supporting memorandum, (Docket no. 19-1), exhibits (Docket nos. 19-2, 19-3, 19-4), a declaration of William E. Tabot (Docket no. 19-5), and a notice of hearing date for October 2, 2015 at 10:00 a.m. (Docket no. 20). The certificate of service accompanying the motion indicates that plaintiff's counsel sent a copy of the motion, memorandum, exhibits, and declaration to the defendant at his mailing address.

For the reasons stated above, the undersigned magistrate judge recommends a finding that defendant was properly served, that he failed to file a responsive pleading in a timely manner, and that the Clerk of Court properly entered a default as to the defendant.

## Liability and Relief Sought

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Plaintiff's motion for default judgment seeks: (i) $22,500.00 in statutory damages; (ii) a permanent injunction enjoining defendant and all other persons who are in active concert or participation with

defendant from continuing to infringe plaintiff's copyrighted works; (iii) an order that defendant delete and permanently remove the copyrighted films at issue in this action and any other copyrighted works of plaintiff from each of the computers and devices under defendant's possession, control, or custody; and (iv) $1,657.00 in attorney's fees and costs. (Docket nos. 19-1 at 15, 19-5).

### A. Statutory Damages

Pursuant to 17 U.S.C. § 504(c)(1), a copyright owner may recover "an award of statutory damages for all infringements involved in the action, and with respect to any one work, . . . in a sum of not less than $750 or more than $30,000 as the court considers just" for unintentional infringement. For willfully committed infringement, the court "may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

Plaintiff seeks $2,250.00 in statutory damages per infringement in this action, which amounts to a total of $22,500.00 for the ten copyrighted films at issue. (Docket no. 19-1 at 10, 15). Courts in similar cases have held that $2,250 per infringement is appropriate. *See, e.g. Malibu Media, LLC v. Megha Bakshi*, No. 1:14-cv-0931 (TSE/TCB), ECF 26 (E.D. Va. June 29, 2015). Plaintiff alleges its actual damages are not limited to the loss revenue for defendant's failure to purchase plaintiff's copyrighted works. Instead, defendant's willful distribution of plaintiff's copyrighted works on BitTorrent enabled many others to download and distribute plaintiff's works. Given defendant's willful infringement and that plaintiff's actual damages likely exceed the amount of statutory damages requested by plaintiff, the undersigned recommends a finding that statutory damages in the amount of $22,500.00 is reasonable.

## B. Permanent Injunction

The Copyright Act provides the court with the power to grant injunctions in order to prevent or restrain infringement of a copyright. 17 U.S.C. §§ 502(a). In order for the court to provide injunctive relief, " '[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.' " *Christopher Phelps & Associates, LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

Regarding the first prong, "[i]rreparable injury often derives from the nature of copyright violations, which deprive the copyright holder of intangible exclusive rights." *Galloway*, 492 F.3d at 544. As alleged in the amended complaint, the defendant's conduct has made plaintiff's copyrighted works available on BitTorrent for an extended period of time, and as a result, has exposed the works to widespread infringement. (Am. Compl. ¶¶ 17–18, 21–22). Because plaintiff's conduct has made it unlikely that the plaintiff will ever gain exclusive control over the copyrighted works at issue, plaintiff has suffered irreparable harm. *See EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 510 (E.D. Va. 2009).

Regarding the second prong, "the requisite analysis . . . inevitably overlaps with that of the first." *MercExchange, LLC v. eBay, Inc.*, 500 F.Supp.2d 556, 582 (E.D. Va. 2007). Here, absent an injunction, defendant's continued distribution of plaintiff's copyrighted works on BitTorrent makes any calculation of future damages entirely speculative. *See generally Galloway*, 492 F.3d at 544 ("[W]hile the calculation of future damages and profits for each

future [infringement] might be possible, any such effort would entail a substantial amount of speculation and guesswork that renders the effort difficult or impossible . . . ."). Accordingly, plaintiff has demonstrated that any remedy at law is inadequate.

The court must next consider whether the remedy of an injunction is warranted given the balance of hardship between the plaintiff and defendant. Here, the defendant would only suffer the hardship of conforming his actions to comply with the Copyright Act if an injunction is entered. On the other hand, the plaintiff faces great difficulty in enforcing its copyrights absent an injunction. Consequently, the balance of hardship weighs in favor of issuing a permanent injunction.

Finally, the court must consider whether the public interest favors a permanent injunction. Here, an injunction would prevent copyright infringement, which in turn, furthers the public's interest in preserving the integrity of copyright laws. *See Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) ("Since Congress has elected to grant certain exclusive rights to the owner of a copyright in a protected work, it is virtually axiomatic that the public interest can only be served by upholding copyright protections . . . .").

For these reasons, the undersigned recommends that the defendant be enjoined from continuing to infringe plaintiff's copyrighted works.

### IV. Destruction Order Pursuant to 17 U.S.C. § 503(b)

Pursuant to 17 U.S.C. § 503(b), a court may order, as part of a final judgment or decree, "the destruction or other reasonable disposition of all copies . . . found to have been made or used in violation of the copyright owner's exclusive right." Specifically, plaintiff requests the court require the defendant to delete and permanently remove the digital media files and copies relating to plaintiff's copyrighted works from each computer and device under defendant's

9

possession, custody, or control. (Am. Compl. ¶¶ 32(B), (C)). Consistent with this statutory provision and to ensure against any future infringement of plaintiff's copyrights, the undersigned recommends that the defendant be ordered to delete and permanently remove any of plaintiff's copyrighted works on any computer or device in his possession, custody, or control.

### E. Attorney's Fees and Costs

Pursuant to section 505 of the Copyright Act, the court may authorize the recovery of full costs and an award of reasonable attorney's fees to the prevailing party in a copyright action. 17 U.S.C. § 505. Plaintiff requests attorney's fees and costs in the amount of $1,182.00 in attorney's fees (comprised of 1.9 hours of labor by counsel at the rate of $300 per hour and 7.2 hours of labor by paralegals at the rate of $85 per hour) and $475 in costs (comprised of the statutory filing fee of $400 and process-service fees of $75.00). (Docket no. 19-5 at 2). After reviewing the applicable invoices and submissions by counsel, the undersigned recommends a finding that plaintiff is the prevailing party, the fees and costs incurred by plaintiff were associated with this action, and plaintiff's request for $1,182.00 in attorney's fees is reasonable. Accordingly, the undersigned recommends that the plaintiff be awarded $1,657.00 in attorney's fees and costs, consisting of $1,182.00 in attorney's fees and $475.00 in costs.

### Conclusion

For the reasons stated above, the undersigned magistrate judge recommends that a default judgment be entered in favor of Malibu Media, LLC and that an Order be entered that enjoins Richard Buka from continuing to infringe plaintiff's copyrighted works. It is also recommended that an Order be entered that requires Richard Buka to delete and permanently destroy any digital files or copies of plaintiff's copyrighted works from any computers or devices that are under his possession, custody, or control. The undersigned further recommends that judgment be entered

against Richard Buka in the amount of $24,157.00 (consisting of $22,500.00 in statutory damages arising from the copyright infringement claim and $1,657.00 in attorney's fees and costs).

### Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Richard Buka at his last known address: 2000 Sequoia Court, Apartment 102, Woodbridge, Virginia, 22191, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 27th day of October, 2015.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

**Exhibit A: Copyrights at Issue for Civil Action No. 1:15-cv-0384 (LMB/JFA)**

|   | Title | Registration Number | Date of First Publication | Registration | Most Recent Hit |
|---|---|---|---|---|---|
| 1 | Rope Priority | PA0001895760 | 05/11/2014 | 05/16/2014 | 12/28/2014 |
| 2 | Nice And Slow | PA0001916038 | 09/28/2014 | 10/06/2014 | 09/28/2014 |
| 3 | A Perfect Match | PA0001862419 | 09/11/2013 | 09/12/2013 | 07/15/2014 |
| 4 | Give Me More Part 2 | PA0001905479 | 06/29/2014 | 07/02/2014 | 07/04/2014 |
| 5 | Rendezvous | PA0001889397 | 04/12/2014 | 04/15/2014 | 04/17/2014 |
| 6 | One Night Stand | PA0001794973 | 05/02/2012 | 05/02/2012 | 12/22/2013 |
| 7 | Fantasy Come True | PA0001874629 | 12/19/2013 | 12/26/2013 | 12/21/2013 |
| 8 | Lying Around | PA0001872754 | 12/10/2013 | 12/15/2013 | 12/14/2013 |
| 9 | Erotic Stretching and Sex | PA0001862293 | 09/08/2013 | 09/08/2013 | 10/09/2013 |
| 10 | Two Boys and a Girl | PA0001828896 | 03/05/2013 | 03/12/2013 | 06/22/2013 |